UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LONDELL AUSTIN,

        Plaintiff,

    v.

J. BAUER (Vallejo Police
Department Star #586), J. HUFF
(Vallejo Police Department
Star #591), individually and
in their capacities as POLICE
OFFICERS for the CITY OF
VALLEJO,

        Defendants.

CIV NO. S-10-2891 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendants Jeremy Huff and Jason Bauer (collectively, "defendants") to dismiss plaintiff Londell Austin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  By their motion, defendants contend (1) plaintiff's federal claims under 42 U.S.C. § 1983 ("§ 1983") must be dismissed because to the extent the claims are

---

    [1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  alleged against defendants in their official capacities, the

2  claims are against the City of Vallejo and thus not properly

3  pled; (2) plaintiff's § 1983 claims against the officers in their

4  individual capacities fail because plaintiff does not allege

5  sufficient facts establishing the requisite elements for the

6  claims; and (3) plaintiff's state law claims must be dismissed

7  because they are barred by the statute of limitations pursuant to

8  California Government Code § 946.6.  (Def.'s Mot. to Dismiss

9  ["MTD"], filed Dec. 22, 2010 [Docket # 7], at 2.)

10      Plaintiff only opposes defendants' motion with respect to

11  the dismissal of plaintiff's § 1983 claims on the basis of

12  insufficient pleading.  (Opp'n, filed Jan. 14, 2011 [Docket #

13  11], at 1.)  As a result, defendants' motion is granted with

14  respect to the state law claims for violation of California Civil

15  Code § 52.1, assault, battery, false imprisonment, negligence,

16  negligent infliction of emotional distress, and intentional

17  infliction of emotional distress.  With respect to his § 1983

18  claims. however, it is not clear from plaintiff's opposition

19  whether he seeks to allege claims against defendants in their

20  official capacities.  Nonetheless, this order addresses

21  plaintiff's § 1983 claims assuming plaintiff seeks to press his

22  claims against defendants in both their individual and official

23  capacities.  In addition, plaintiff requests leave to amend his

24  complaint should the court grant defendants' motion to dismiss.

25      For the reasons set forth below, the court GRANTS

26  defendants' motion.  Plaintiff is permitted leave to amend.

27  ///

28  ///

2

**BACKGROUND**

As alleged in the complaint, on July 11, 2009, defendants responded to a call from plaintiff's wife "indicating that she did not want him around." (Compl., filed October 27, 2010 [Docket # 2], ¶¶ 10-12.) Defendants "repeatedly told [plaintiff's] wife that they had no power to force him to leave the residence; there had not been any complaints of violence, nor had she communicated any fears for her safety." (Id. ¶ 13.) While plaintiff and defendants were in his bedroom, plaintiff "told [d]efendants that he was not going to comply with his wife's request to leave the house and in fact was immediately going to get in his bed." (Id. ¶ 14.) "Defendant Huff, with no warning, deployed his Taser, striking [plaintiff] in his torso." (Id. ¶ 15.) Defendants arrested plaintiff and took him to the emergency room. (Id. ¶¶ 16-17.) Plaintiff was charged with obstructing a police officer and assaulting a police officer. The charges were ultimately dismissed. (Id. ¶ 18.)

On the basis of these allegations, plaintiff asserts claims under § 1983 for violation of the Fourth and Fourteenth Amendments. Specifically, plaintiff alleges defendants, by their above-described conduct, "violated plaintiff's right to be free from excessive and/or arbitrary force and unreasonable seizure without reasonable or probable cause." (Id. ¶ 21.)

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal

3

court, the complaint must "give the defendant fair notice of what
the claim is and the grounds upon which it rests." <u>Bell Atlantic</u>
<u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations
omitted).  "This simplified notice pleading standard relies on
liberal discovery rules and summary judgment motions to define
disputed facts and issues and to dispose of unmeritorious
claims." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the
complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319,
322 (1972).  The court is bound to give plaintiff the benefit of
every reasonable inference to be drawn from the "well-pleaded"
allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v.</u>
<u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not
allege "'specific facts' beyond those necessary to state his
claim and the grounds showing entitlement to relief." <u>Twombly</u>,
550 U.S. at 570.  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal
conclusions cast in the form of factual allegations." <u>United</u>
<u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th
Cir. 1986).  While Rule 8(a) does not require detailed factual
allegations, "it demands more than an unadorned, the defendant-
unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949.  A
pleading is insufficient if it offers mere "labels and
conclusions" or "a formulaic recitation of the elements of a
cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at

4

1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**ANALYSIS**

**A.   Plaintiff's § 1983 Individual Capacity Claims**

Defendants argue that plaintiff's allegations with respect to his § 1983 claims are too vague to state a claim. Specifically, defendants argue that plaintiff's "complaint does not state what [c]onstitutional deprivations[,] . . . acts or omissions allegedly taken by the defendant officers[,] amount to violations of his Fourth and Fourteenth Amendment rights." (MTD

5

at 5-6.)  Plaintiff argues that the complaint "makes clear

factual assertions . . . support[ing] inferences that plaintiff

is claiming he was deprived of the right to be free from

unreasonable detention, the right to be free from unreasonable

use of and/or excessive force, and to be free from arrest without

probable cause."  (Opp'n at 3.)

        To state a claim for liability under § 1983, a plaintiff

must show (1) that he was deprived of a right secured by the

United States Constitution or a Federal law, and (2) the

deprivation of rights was affected under "color of state law."

Broam v. Bogan, 320 F.3d 1023, 1028 (9th. Cir. 2003).

        Plaintiff identifies three federal constitutional rights:

the right to be free from unreasonable detention, the right to be

free from unreasonable use of excessive force, and the right to

be free from arrest without probable cause.  (Opp'n. at 3.)  In

Harvey v. City of Fresno, this court stated:

> Where [the] plaintiff has identified a federal
> constitutional right, . . . plaintiff must allege who
> violated those rights, and how.  For example, under the
> § 1983 claim, the complaint alleges "defendants
> deprived [plaintiff] of his right to be free from
> unreasonable searches and seizures." . . . Plaintiff
> must, without providing elaborate detail, allege *who*
> denied him of these rights, and *how.* . . .
>
> Iqbal has made clear that conclusory, "threadbare"
> allegations that merely recite the elements of a cause
> of action will not withstand a motion to dismiss.

No. 1:08-CV-01399-OWW-DLB, 2009 WL 3157524, at *8 (E.D. Cal.

Sept. 28, 2009) (internal citations omitted).

        In the present case, plaintiff's claim incorporates his

previous factual allegations, however, plaintiff fails to

describe what alleged actions constituted deprivations of his

1  rights, who denied him the rights, and how.  While plaintiff does

2  identify defendant Huff as the person who deployed the Taser on

3  him, that factual allegation alone fails to describe how Huff

4  allegedly violated plaintiff's Fourth Amendment rights.  Id.

5      Additionally, plaintiff does not describe any specific

6  conduct by defendant Bauer, but rather appears to allege

7  liability solely on the basis that he "acted in concert with the

8  other [d]efendants."  (Opp'n at 3.)  "Being a mere bystander,

9  [however is] insufficient."  Chuman v. Wright, 76 F.3d 292, 294

10 (9th Cir. 1996).  The Ninth Circuit requires "'integral

11 participation' by each officer as a predicate to liability[,]"

12 under § 1983.  Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir.

13 2004).  While "'[i]ntegral participation' does not require that

14 each officer's actions themselves rise to the level of a

15 constitutional violation[,]" some identifiable conduct must be

16 alleged to show the officer participated in the wrongdoing in a

17 meaningful way.  Id. (an officer providing armed back up and

18 agreeing to use of a flash-bang in a search operation constituted

19 integral participation); see also Melear v. Spears, 862 F.2d

20 1177, 1186 (5th Cir. 1989) (an officer standing at the door,

21 armed with a gun, while other officers conduct a search, can be a

22 "full, active participant" in the search).  Here, plaintiff fails

23 to allege that defendant Bauer acted at all.

24      As a result, plaintiff fails to allege sufficient facts to

25 state a claim against defendants in their individual capacities.

26 In his opposition, plaintiff requests leave to amend in the event

27 the court grants defendants' motion to dismiss.  (Opp'n at 3.)

28 Under Federal Rule of Civil Procedure 15, leave to amend should

7

be "freely given."  Plaintiff has demonstrated that he can amend his complaint to state facts sufficient to support a Section 1983 claim.  In support of his request, plaintiff describes additional facts not alleged in the complaint, including which particular acts violated plaintiff's constitutional rights, as well as plaintiff's conduct and interaction with defendants preceding his arrest.  (Opp'n at 4.)   Accordingly, the court grants defendants' motion as to this claim; however, plaintiff is granted leave to amend.

**B.    Plaintiff's § 1983 Official Capacity Claim**

To the extent plaintiff asserts a claim against defendants in their official capacities, that claim is, as a matter of law, cognizable only against the City of Vallejo itself.  "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. at 690 n.55).  "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is . . . to be treated as a suit against the entity."  Id. at 166.  Such claims against a municipality are governed by the standards set forth in Monell. 436 U.S. at 691.  Under § 1983, a public entity cannot be subjected to vicarious liability or be sued on a theory of respondeat superior for the acts of its employees.  Monell, 436 U.S. at 691.  Instead, a plaintiff is required to prove that the deprivation of a federal right occurred pursuant to an identified governmental policy or custom of the entity consciously chosen by the entity.  Id. at 690-91.

8

1      In the present case, plaintiff names defendants as "POLICE
2  OFFICERS for the CITY OF VALLEJO," but does not name the City of
3  Vallejo as a defendant in his complaint.  (Compl. Caption.)
4  Thus, the City of Vallejo has not received notice and an
5  opportunity to respond.  In addition, plaintiff fails to allege
6  any specific formal governmental policy or "longstanding practice
7  or custom which constitutes the standard operating procedural of
8  the local governmental entity."  <u>Gillete v. Delmore</u>, 979 F.2d
9  1342, 1346-47 (9th Cir. 1992).  Accordingly, defendants' motion
10 to dismiss plaintiff's § 1983 official capacity claim must be
11 GRANTED.  To the extent plaintiff seeks to allege a <u>Monell</u> claim,
12 he must name the City of Vallejo and allege the requisite facts
13 pursuant to <u>Monell</u>.  Plaintiff is granted leave to amend to
14 assert such a claim, if he can state sufficient facts against the
15 City of Vallejo.

16                           **CONCLUSION**

17     For the foregoing reasons, defendants' motion to dismiss is
18 GRANTED.  Plaintiff is granted leave to amend his § 1983 claim
19 against defendants in their individual capacities and to assert a
20 <u>Monell</u> claim against the City of Vallejo should he seek to press
21 such a claim by this action.  Said amended complaint shall be
22 served and filed within 20 days of the date of this order.
23 Defendants' response thereto shall be filed and served within 30
24 ///
25 ///
26 ///
27 ///
28 ///

1  days after service of the amended complaint.

2      IT IS SO ORDERED.

3  DATED: January 28, 2011

4

5

                                    _____
6                                   FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10